IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KURT RADEMACHER, as Executor of the
Estates of Michael McConnell Perry and
Kimberly Westerfield Perry; and ROBERT
ANDREW PERRY, as Next Friend and Guardian
of S.M.P., J.W.P., and A.R.P., the Minor Natural
Children and Wrongful Death Beneficiaries of
Michael McConnell Perry and Kimberly
Westerfield Perry                                             PLAINTIFFS

vs.                                      CIVIL ACTION NO. 3:19cv157-MPM-RP

UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF TRANSPORTATION;
FEDERAL AVIATION ADMINISTRATION;
JOHN DOES 1-5                                                 DEFENDANTS

## **COMPLAINT**

Plaintiffs Kurt Rademacher, as Executor of the Estates of Michael McConnell Perry and Kimberly Westerfield Perry, and Robert Andrew Perry, as Next Friend and Guardian of S.M.P., J.W.P., and A.R.P., the minor natural children and wrongful death beneficiaries of Michael McConnell Perry, deceased, and Kimberly Westerfield Perry, deceased, by and through counsel, hereby file this their Complaint against the United States of America, the United States Department of Transportation, and the Federal Aviation Administration. In support thereof, Plaintiffs would show the following:

## **PARTIES**

1. Kurt Rademacher, as executor of the Estates of Michael McConnell Perry and Kimberly Westerfield Perry, is an adult individual who resides in Singapore.

2. Robert Andrew Perry, as next friend and guardian of S.M.P., J.W.P., and A.R.P., is an adult individual who resides in Lafayette County, Mississippi.

3. S.M.P., a minor, J.W.P., a minor, and A.R.P., a minor, are the natural children and wrongful death beneficiaries of Michael McConnell Perry, deceased, and Kimberly Westerfield Perry, deceased, and reside in Lafayette County, Mississippi.

4. Defendant United States of America may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States, William Barr, at Washington, District of Columbia.

5. Defendant United States Department of Transportation is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States, William Barr, at Washington, District of Columbia, and the United States Department of Transportation at Washington, District of Columbia.

6. Defendant Federal Aviation Administration ("FAA") is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States, William Barr, at Washington, District of Columbia and the FAA at Washington, District of Columbia.

7. Defendants John Does 1-5 are persons or entities whose identities are not known at this time.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346 as the United States of America is a party to this action.

9. This Court has *in personam* jurisdiction over each Defendant as the United States of America, the United States Department of Transportation, and the Federal Aviation Administration regularly conduct operations and business in the State of Mississippi.

10. Venue is proper in the United States District Court for the Northern District of Mississippi, Oxford Division, pursuant to 28 U.S.C. § 1402(b) as Plaintiffs reside in this judicial district.

**FACTS**

11. Dr. Michael Perry and Mrs. Kimberly Perry were killed on August 14, 2016 in the crash of a Piper PA-31 Navajo bearing FAA registration N447SA ("the Aircraft"). Dr. and Mrs. Perry were survived by their three minor children, S.M.P., J.W.P., and A.R.P.

12. Dr. Jason Farese, who was also killed in the accident, piloted the Aircraft. Dr. and Mrs. Perry were passengers in the Aircraft and were returning to Oxford, Mississippi from a dental convention in Orlando, Florida. Dr. and Mrs. Perry were traveling with Dr. Farese and his wife, as well as another couple. All six persons on board the Aircraft died in the crash.

13. According to the National Transportation Safety Board Factual Report (Exhibit 1), the pilot reported to air traffic control a "failure of the right engine fuel pump" and requested a diversion to the nearest airport.

14. Air traffic controllers employed by the United States Department of Transportation and the Federal Aviation Administration provided radar vectors to Tuscaloosa, Alabama (TCL).

15. Eventually, the pilot reported that the Aircraft "lost both fuel pumps" and that there was "no power." The Aircraft continued to descend toward Runway 30 at TCL until it impacted trees approximately 1,650 feet short of the runway, crashed, and exploded. The NTSB Probable Cause report finds that the engine lost power due to fuel starvation as a result of the pilot's fuel mismanagement. (Exhibit 2) The NTSB also noted that the pilot was negligent in failing to feather the propellers and in failing to use an appropriate emergency checklist.

16. However, in addition to the pilot's negligence, the acts and omissions of the air traffic controllers also contributed to the crash and the fatal outcome. Attached hereto (Exhibit 3) is the report of Richard P. Burgess, a former air traffic controller with 36 years of air traffic control experience as a controller, supervisor, facility manager and branch manager in the United States Navy and with the FAA.

17. According to Mr. Burgess, FAA Air Traffic Control Specialists James Winton and Shane Gutierrez (Atlanta ARTCC), and Kelsey Barfield and Bobby Sharp (Birmingham ATCT) failed to comply with air traffic control procedures and protocol, and these failures were a deviation in the standard of care for Air Traffic Control Specialists. Their conduct and inactions contributed to the crash of the Aircraft and to the tragic deaths of six individuals, including Dr. and Mrs. Perry.

18. Specifically, there were numerous instances from the time the pilot reported losing a fuel pump and requested to land at another airport that a reasonable controller would have correctly identified the closest airport(s) and/or landing locations based on the altitude and airspeed of the Aircraft.

19. The controller, Mr. Winton, had over three minutes to identify the impact of the fuel pump outage and reduction in manifold pressure, obtain critical fuel remaining, and to

collect passenger and other information that would allow Mr. Winton to provide maximum assistance to the pilot in this emergency situation. Instead, he provided inaccurate mileage information to one of the nearest airports and to the Tuscaloosa Airport, and he transferred the pilot to Birmingham approach control.

20. Mr. Gutierrez, assisting Mr. Winton, also failed to provide accurate information to Birmingham approach.

21. Additionally, Mr. Sharp and Ms. Barfield had over nine minutes to identify the impact of the engine problems, and to obtain critical fuel remaining, passenger and other information that would allow Mr. Sharp and Ms. Barfield to provide maximum assistance to the pilot in this emergency situation. They failed to complete these steps. Instead, Mr. Sharp and Ms. Barfield failed to issue the current weather at Tuscaloosa, failed to treat the aircraft as an emergency, failed determine the impact the lack of fuel pump had on the performance of the aircraft, and failed to use the checklist provided in FAA JO 7110.65W, Chapter 10, to obtain required information.

22. Furthermore, at 1604:12 UTC, Ms. Barfield instructed the pilot to "descend and maintain 4,000 and advise if you need any assistance." Also, at 1606:37 UTC, Ms. Barfield instructed the pilot to "descend and maintain 2,300." Before issuing these mandatory altitude instructions to an aircraft losing power and trying to make an airport, Ms. Barfield failed to determine what effect they would have on the pilot's ability to reach the Tuscaloosa Airport. Had the pilot maintained best glide airspeed instead of trying to comply with mandatory altitude instructions, the Aircraft would have likely made the runway instead of crashing 1,650 feet short.

23. In one of the most egregious errors, at 1608:16 UTC, after the pilot advised Mr. Winton of manifold pressure loss, Mr. Winton told the pilot, "I do have an airport over at your 3

o'clock about 8 miles ah Tuscaloosa is dead ahead say uh 20 miles." In reality, the Tuscaloosa airport was 29.13 miles – a distance error of over 45%. Had Mr. Winton relayed the proper distance information, the pilot may well have elected to divert to a closer airport considering his building loss of power. Instead, the Aircraft crashed 1,650 feet short of the airport. Mr. Winton's 9.13 mile error was catastrophic.

24. The failure to comply with the FAA procedures, which are specifically designed to prevent this kind of accident, and the negligence that the controllers displayed in handling the Aircraft, contributed to the deaths of Dr. and Mrs. Perry.

## CLAIMS

## COUNT ONE – NEGLIGENCE

25. Plaintiffs incorporate herein and reallege the foregoing averments of this Complaint.

26. Defendants owed a duty to Plaintiffs to provide competent air traffic control services as well as to relay accurate information to the pilot.

27. As described above, Defendants breached that duty by failing to comply with air traffic control procedures and protocol, and these failures were a deviation in the standard of care for Air Traffic Control Specialists.

28. Specifically, among other acts and omissions, Defendants breached their duty by failing to provide adequate assistance, failing to use appropriate check lists, negligently giving mandatory altitude restrictions to an aircraft operating on partial power, and ultimately on no power, and giving inaccurate distance information to alternate airports.

29. In addition to the negligence of the pilot, these breaches by Defendants were a proximate cause of the crash and the deaths of Dr. and Mrs. Perry.

30. Plaintiffs have been damaged by these breaches as set forth below.

31. By virtue of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the United States is liable for the negligent acts and omissions of Defendants.

32. Plaintiff has exhausted all administrative prerequisites pursuant to 28 U.S.C. § 2675, including presenting its claim for damages to the Federal Aviation Administration on August 8, 2018. The Federal Aviation Administration denied the claim on February 12, 2019. A copy of the Federal Aviation Administration's administrative denial letter is attached hereto as Exhibit 4.

## DAMAGES

33. The report of Bill M. Brister, Ph.D. (to be subsequently provided pursuant to a Protective Order) demonstrates that Dr. and Mrs. Perry had an annual income of more than $1,400,000.00 per year in the years prior to their deaths. Dr. Brister estimates the net present value of this lost income to be $20,717,775.00; the net present value of the lost value of business is $869,792.00; and the net present value of lost household services is $253,076. Including amounts for other economic damages, such as funeral expenses of $21,192.00 (Exhibit 5), and non-economic damages for pain and suffering, the Perry Claimants seek $24,861,835.00, plus pre-judgment and post-judgment interest and attorneys' fees and costs.

## AD DAMNUM

Plaintiffs respectfully request that the Court grant the following relief:

- Damages in the amount of $24,861,835.00;
- Plaintiffs' attorneys' fees;
- Pre-judgment and post-judgment interest;
- Such other and further relief as the Court deems appropriate.

This the 24th day of July, 2019.

                        Respectfully submitted,

            By: */s/ Benjamin M. Watson*
                Phil B. Abernethy (MB #1023)
                Robert A. Miller (MB #3305)
                Benjamin M. Watson (MB #100078)
                Haley F. Gregory (MB #103312)
                *Counsel for Plaintiffs*

OF COUNSEL:

Phil B. Abernethy (MB #1023)
Robert A. Miller (MB #3305)
Benjamin M. Watson (MB #100078)
Haley F. Gregory (MB #103312)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi 39157
Post Office Box 6010 (39158)
Tel: (601) 948-4420
Fax: (601) 985-4500
phil.abernethy@butlersnow.com
bobby.miller@butlersnow.com
ben.watson@butlersnow.com
haley.gregory@butlersnow.com


David W. Shelton (MB #99675)
SHELTON DAVIS, PLLC
1223 Jackson Avenue East
Suite 202
Oxford, Mississippi 386555
Tel: (662) 281-1212
Fax: (662) 281-1312
david@sheltondavispllc.com

48562763.v1